# EXHIBIT E

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Iowa

| | |
|---|---|
| VeroBlue Farms USA, Inc. ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 18-cv-3047-LTS-MAR |
| Leslie A. Wulf, Bruce A. Hall, James Rea, John E. ) Rea, and Keith Driver ) | |
| *Defendant* ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: CanAccord Genuity Group Inc., c/o CT Corporation System, 111 Eighth Avenue, New York, NY 10011

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See attached Rider. Please produce documents electronically to rhlang@thompsoncoburn.com or the location below.

| Place: Thompson & Knight LLP c/o Nicole Williams 900 Third Avenue 20th Floor New York, NY 10022 | Date and Time: 03/21/2019 3:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/07/2019

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
VeroBlue Farms USA, Inc.                                              , who issues or requests this subpoena, are:
Robert H. Lang, Thompson Coburn LLP, rhlang@thompsoncoburn.com, 55 E. Monroe, 37th Floor, Chicago IL 60603

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Exhibit E

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 18-cv-3047-LTS-MAR

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

(c) Place of Compliance.

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

(d) Protecting a Person Subject to a Subpoena; Enforcement.

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

(e) Duties in Responding to a Subpoena.

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(g) Contempt.
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# RIDER TO SUBPOENA TO CANACCORD GENUITY GROUP, INC.

## INSTRUCTIONS

1. Answer each document production request separately and fully in accordance with the Federal Rules of Civil Procedure and the Instructions and Definitions contained herein.

2. Any word written in singular shall be construed as plural and any word written in the plural shall be construed as singular where necessary to facilitate complete answers.

3. Your answer to each document production request should include all knowledge within your custody, possession or control. Where facts set forth in your answers or portions thereof are supplied upon information and belief rather than actual knowledge, so state and specifically describe or identify the source or sources of such information and belief. If any estimate can reasonably be made in place of unknown information, set forth your best estimate, clearly designated as such, in place of unknown information, and describe the basis upon which the estimate is made. If you cannot answer the document production request in full after exercising due diligence to secure the information requested, so state and answer to the fullest extent possible, specifying your inability to answer the remainder and stating any information or knowledge you have concerning the unanswered portion.

4. To the extent any document production request is objected to, set forth all reasons therefore. If you claim privilege as a ground for not answering any document production request in whole or in part, describe the factual basis for your claim of privilege, including relevant dates and persons involved, in sufficient detail so as to permit the Court to adjudicate the validity of the claim. If you object in part to any document production request, answer the remainder completely.

5. If you withhold any information or documents on the grounds of privilege, identify:
   (a) the author(s), addressee(s), recipient(s) or distributee(s), title, type of document (e.g., memorandum, letter or report) present custodian, location and date of all such information or documents;
   (b) all other persons who have seen or learned of all or part of any such information or documents;
   (c) the method by which, and reasons why, each such person obtained access to such information or documents;
   (d) a description of each subject discussed, described or referred to in such information or document; and
   (e) the specific basis for your claim of privilege.

6. These document production requests are continuing in character and must be supplemented to the extent required by the Federal Rules of Civil Procedure.

7.      If any of the requested documents, or parts thereof, are two-sided or have information of any kind on both sides, then copies of both sides of such document(s) must be produced.

## DEFINITIONS

The following definitions apply whenever the defined word appears in this rider:

1.      The term "you" and "your" refers to Canaccord Genuity, Inc. ("Canaccord") and any agents, employees, affiliated entities, and counsel.

2.      "Document" is used in the broadest sense permitted by the Federal Rules of Civil Procedure and means the original, all copies of the original, all nonidentical copies, and drafts of writings and recordings of any kind or description whether handwritten, typed, drawn, sketched, printed, or recorded by any physical, mechanical, electronic, or electrical means whatsoever including, but not limited to, electronic mail, text messages, correspondence, memoranda, reports, minutes, pamphlets, brochures, notes, letters, telegrams, messages (including reports, notes and memoranda of telephone conversations and conferences), calendar and diary entries, records, computerized documents, compilations, tapes, cards, or any other means by which data are stored or preserved electrically, electronically, magnetically or mechanically, and the available program or programs thereof from which you may produce or cause to be reproduced such data and written forms, lists, analyses, worksheets, telephone bills and toll call records, expense reports, commission statements, confirmation statements, checkbooks, canceled checks, receipts, contracts, agreements, applications, offers, acceptances, photographs, photographic slides or negative films, film strips, tapes, and recordings to which you now have or had access to in the past. All attachments or enclosures to a document are deemed to be part of such document.

3.      "Relating to" as used herein with reference to a subject shall mean both of the following:

(a)     Containing, comprising, constituting, stating, setting forth or recording, contradicting, referring to, relating to, or in any way pertaining to, in whole or in part, that subject; and

(b)     Describing, discussing, reflecting, interpreting, identifying, concerning, contradicting, referring to, relating to, or in any way pertaining to, in whole or in part, that subject.

4.      "Communications" includes all discussions, conversations, interviews, meetings, negotiations, cablegrams, mailgrams, telegrams, telexes, cables, or other forms of written or verbal intercourse, however transmitted, including reports, notes, memoranda, lists, agenda and other documents and records of communications, and when used shall require a statement of the name of the individual who made the communication, the person(s) to whom it was made, the date it was made, and the form in which it was made.

5.  As used herein the term "all" refers to any and all, and the term "any" likewise refers to any and all.

6.  The term "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request any information or document which might otherwise be construed to be outside its scope.

7.  The singular includes the plural and vice versa; the masculine includes the feminine and vice versa.

8.  The term "VBF" shall mean "VeroBlue Farms USA, Inc." and includes VBF Operations, Inc., VBF Transport, Inc., VBF IP, Inc., and Iowa's First, Inc.

9.  The term "Complaint" shall mean to the operative complaint *VeroBlue Farms USA, Inc. v. Wulf et al.,* Case No. 3-18-cv-03047 filed in the Northern District of Iowa (Dkt. 9-1).

10. The term "Defendant" or "Defendants" shall include one or more of Leslie A. Wulf, Bruce A. Hall, James Rea, John E. ("Ted") Rea, and Keith Driver and any of their lawyers.

11. The term "Due Diligence Materials" shall mean any Documents or communications received, reviewed, or considered in any way related to an assessment of VBF, including but not limited to, financial, accounting, legal, and regulatory information.

12. The term "Board Minutes" shall mean any formal or informal Documents and communications created before or after any meeting of one or more person on the Board of Directors including but not limited to all notes, agenda, summaries, memorandums relating to those meetings.

## DOCUMENTS REQUESTED
### (PLEASE READ DEFINITIONS AND INSTRUCTIONS CAREFULLY)

1.  Any and all documents and communications relating to VBF.

2.  Any and all documents and communications relating to, or with, Defendants.

3.  Any and all statements of any witnesses, whether included in affidavits, transcripts, or contained within any other format.

4.  Any and all documents and communications relating to, or with, any current or former VBF employees.

5. Any and all photographs, video recordings, audio recordings, or other audio-visual data relating in any way to VBF.

6. All Documents and communications relating to loan applications, valuations, financials, business plans, and projections of VBF and of any Defendant.

7. All Documents and communications relating to any Due Diligence Materials completed by or on behalf of Canaccord for any loan or investment relating to VBF.

8. All Documents and communications relating to statements and representations by any Defendant relating to (a) feed/fish conversion ratio ("FCR"); (b) mortality rates; (c) tank density; (d) cleanliness; and (e) other metrics generally applied in the aquaculture specialty, both generally and as they relate to Barramundi fish.

9. All Documents relating to any other statements and representations made by Defendants.

10. All Documents and communications with Midwestern BioAg, its employees or agents relating to VBF (as defined above).

11. All Documents and communications with any other consultants, potential investors, or lenders relating to VBF (as defined above).

12. All communications with Terry Lyons relating to VBF.

13. All Documents relating to Canaccord's board minutes and meeting notes that reference VBF.

14. All Documents relating to any and all amounts paid or received by you and/or any entities that you own and/or control relating to VBF (as defined above) or any of its affiliates.

15. All investigative reports relating to VBF.

- 5 -

16. All Documents and communications with and relating to Ken Lockard relating to VBF.

17. All documents and communications with and relating to FishDish LLC relating to VBF.